Argued December 17, affirmed December 23, 1952

## DAKIN *v.* DAKIN

251 P. 2d 462

*Alfred P. Kelley,* of Portland, argued the cause for appellant. On the brief was Elmer Johnson, of Portland.

*Lida M. O'Bryon,* of Portland, argued the cause and filed a brief for respondent.

Before BRAND, Chief Justice, and ROSSMAN, LATOURETTE, WARNER and TOOZE, Justices.

TOOZE, J.

This is a suit for divorce, brought by Hursey A. Dakin, as plaintiff, against Averil Dakin, as defendant. Plaintiff charges defendant with cruel and inhuman treatment rendering his life burdensome. Defendant's answer consists of a general denial. No children nor property rights are involved. The trial court dismissed the suit, and plaintiff appeals.

The parties were married at Portland, Oregon, on August 25, 1949. This was plaintiff's second marriage and defendant's first. Plaintiff was 54 years of age, and the defendant was 42.

Plaintiff, a disabled war veteran of World War I, draws government compensation of $84 per month for his service-connected disability. He has been employed by the city of Portland in its traffic department for more than eight years, at a salary of $250 per month. He also rendered service in connection with a fish business during his spare time.

Defendant, a native of Canada, had been in the United States for approximately three years and expressed an intention to apply for citizenship. The record discloses that she has been a hard-working and industrious woman during her adult life. For 16 years she was steadily employed by the city of Vancouver, British Columbia, as a clerk and secretary. At the time of her marriage to plaintiff, and thereafter, she was regularly employed in Portland, earning a salary of $185 per month. Defendant is a woman of refinement and good morals.

The record discloses that plaintiff left the home of the parties in Portland on December 14, 1949, and

they have not lived together nor cohabited as husband and wife since that time.

The specific acts of cruel and inhuman treatment charged against defendant in plaintiff's complaint are the following:

"(a) Continuously manifested a distrust of the plaintiff, and discussed their private affairs with her brother;

"(b) Habitually started arguments, criticising the plaintiff, that destroyed all harmony in the home;

"(c) By an irritating attitude toward plaintiff defendant kept plaintiff mentally disturbed and destroyed all his affection for her;

"(d) When plaintiff came home from his work or other places she questioned him in detail as to where he had been, what he had been doing, always anticipating some wrongful act on his part and insinuating that he had been out with other women;

"(e) On one occasion, in a fit of anger, defendant hit plaintiff on a sore place in his spine causing him much pain and distress;".

We have given careful attention to all the testimony, and no useful purpose would be served by encumbering the records with a detailed recital of it. It is sufficient to say that most of plaintiff's claims are trivial, and those few unpleasant incidents which attained any importance at all were provoked by him. Plaintiff's true nature is well portrayed by his own testimony. It shows him to be a complaining, self-centered, and selfish individual. He did not contribute even a fair share of the expense of supporting himself and defendant. He encouraged defendant to continue her employment, rather than devote herself to the problem of homemaking, and then complained because

conditions in the home were not exactly as he thought they should be.

In one respect, at least, this case is exceptional. Though neither party is of the opinion that they will be able to resume marital relations, nevertheless, the record does not disclose any bitterness between them. In such circumstances, reconciliation is far from impossible. The parties have not given their marriage a fair trial.

■ Plaintiff failed to establish his case by a preponderance of the evidence. Even in these days of a lax administration of the divorce laws, it yet is necessary not only to allege a cause of suit for divorce, but also essential to prove it before any court is justified in dissolving the marriage contract.

■ The state is a party in interest to the marriage contract, together with the husband and wife, and the relationship is one in which the state is deeply concerned and over which it exercises a jealous dominion. Marriage is favored by the law, and the public policy is to foster and protect marriage, to make it a permanent and public institution, to encourage the parties to live together, and to prevent separation. The integrity of the family is basic to our American civilization. *Guinn v. Guinn,* 188 Or 554, 561, 217 P2d 248; *Giddings et al. v. Giddings et al.,* 167 Or 504, 513, 114 P2d 1009, 119 P2d 280; *Phillips v. Thorp,* 10 Or 494.

To award a decree of divorce to plaintiff in this case would indeed make a mockery of the marriage relation. With little or no just cause whatever, plaintiff left defendant after a little over three months of married life with her. The courts have gone a long way in granting divorces, but they have not yet placed their

stamp of approval upon the doctrine of "trial marriages" which have many of the attributes of "legal prostitution."

■ The conscientious trial judge heard the witnesses testify; he was able to observe their conduct and demeanor while under examination; he concluded that plaintiff was not entitled to a divorce. His conclusion is entitled to great weight in this court. We find no reason for disturbing it.

Decree affirmed.